**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **WILLIAM MOTT**, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br>v.<br><br>**ZR CONSULTING LLC**,<br><br>Defendant. | Case No.: 2:25-cv-00081-SCJ |

**PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR CLASS CERTIFICATION**

Plaintiff, William Mott, on behalf of himself and others similarly situated, by and through his undersigned counsel, respectfully requests that his time to file his Motion for Class Certification ("Motion") pursuant to Fed. R. Civ. P. 23 and Civil Local Rule of Practice for the United States District Court for the Northern District of Georgia ("Local Rules" or "LR") 23.1(B), be enlarged to thirty (30) days after Defendant ZR Consulting LLC ("Defendant") files its answer, and, in support thereof, avers the following:

1. On April 3, 2025, Plaintiff commenced this action by filing his Class Action Complaint ("Complaint") with this Honorable Court. *See* ECF No. 1.

2. As the Complaint was designated as a "Class Action" at the time of filing, Fed. R. Civ. P. 23(c)(1) requires this Court to issue an order determining

whether to certify the action as a "class action" at "an early practicable time after a person sues . . . as a class representative[.]" *Id.*

3. This Court's Local Rules require that within 90 days after the filing of a class action complaint, the plaintiff move for a determination as to whether the case is to be maintained as a class action pursuant to Fed. R. Civ. P. 23(c)(1). *See* LR 23.1(B). Local Rule 23.1(B) provides that if a defendant "file[s] a motion to dismiss pursuant to Fed. R. Civ. P. 12 in lieu of an answer to the complaint . . . the plaintiff shall move for a determination under Fed. R. Civ. P. 23(c)(1) within thirty (30) days after all defendants have filed an answer to the complaint. In addition, LR 23.1(B) permits this Honorable Court to extend this 90-day time period upon a showing of good cause. *Id*.

4. Immediately following the filing of the Complaint, Plaintiff attempted to serve Defendant via his registered agent, Kaveh Newmen, Esq. *See* Exhibit A (Proof of Non-Service noting service attempts on April 5, 2025, April 7, 2025, April 8, 2025, April 9, 2025, April 12, 2025, April 16, 2025 and April 17, 2025). Plaintiff continued service attempts on Defendant's registered agent, but he ultimately refused service. *See* Exhibit B (Second Proof of Non-Service noting service attempts on May 1, 2025 and May 5, 2025).

5. Had Plaintiff been able to serve Defendant via his registered agent on April 5, 2025, when he first attempted service, Defendant's answer would have been

due by April 28, 2025, which would have provided Plaintiff with an opportunity to review Defendant's answer and serve discovery (*see* L.R. 26.2 (discovery commences 30 days after an answer)) and receive responses before his class certification motion would be due. Unfortunately, Plaintiff was unable to serve Defendant promptly despite his diligent attempts.

6. On May 1, 2025, Defendant's registered agent advised that Defendant would accept service electronically. *See* Exhibit C (Email Chain).

7. Plaintiff attempted to serve Defendant electronically via email as instructed, but Defendant would not confirm acceptance of the service documents.

8. Plaintiff followed up with Defendant's registered agent, who advised that he withdrew as the registered agent on June 2, 2025.

9. On June 2, 2025, Plaintiff contacted David Milian, Esq., an attorney who has previously represented Defendant in other matters, about this case and inquired if he would accept service on behalf of Defendant.

10. On June 8, 2025, Mr. Milian advised he was authorized to accept service provided that Defendant would have 60 days to respond to the complaint.

11. On June 9, 2025, Mr. Milian executed a waiver of service on behalf of Defendant. [*See* ECF No. 6].

12. Defendant's answer or a responsive pleading is due on August 8, 2025.

13. On June 30, 2025, Plaintiff filed an Unopposed Motion for Extension of Time to File Motion for Class Certification. [ECF No. 7]. In his motion, Plaintiff requested that the deadline to file his motion for class certification be enlarged and that the date for the filing of said Motion be determined by this Honorable Court after the conclusion of the Initial Case Management Conference held pursuant to Fed. R. Civ. P. 16. [*See* ECF No. 7 at 1].

14. On June 30, 2025, the Court granted in part and denied in part the motion and extended the deadline by 30 additional days. Plaintiff's class certification motion is currently due on August 4, 2025.

15. Plaintiff respectfully requests that the current deadline be extended until 30 days after Defendant files an answer in this case.

16. Plaintiff does not have the benefit of Defendant's responsive pleading and will not have it before he must file his certification motion.

17. Further, if Defendant opts to file a motion to dismiss, Plaintiff's motion for class certification will not be due until thirty (30) days after Defendant files its answer according to the Local Rules. *See* L.R. 23.1(B).

18. Courts in this district have denied class certification motions as premature when they are filed before a defendant has answered and/or before discovery has occurred. *See Cunningham v. Fulton County,* No. 1:16-CV-533-RWS, 2017 U.S. Dist. LEXIS 234314, at *19 (N.D. Ga. Nov. 8, 2017); *Gross v.*

*Medaphis Corp.*, 977 F.Supp. 1463, 1475 (N.D. Ga. 1997) (denying motion for class certification before class discovery as premature). Courts in the circuit have reached similar outcomes. *See, e.g., Schalamar Creek Mobile Homeowner's Ass'n v. Adler,* No. 8:19-cv-291-T-30AEP, 2019 U.S. Dist. LEXIS 230005, at *32 (M.D. Fla. June 10, 2019) ("The Court will also deny Plaintiff's pending Motion for Class Certification without prejudice as premature. Before the Court can address issues of class certification, Plaintiff must have a viable lawsuit. Plaintiff may move for class certification again forty-five (45) days after the date Defendants respond or answer Plaintiff's forthcoming amended complaint.").

19. For the reasons above, Plaintiff respectfully requests that the date upon which he shall be required to file his Motion be extended until thirty (30) days after Defendant files an answer.

20. Such an extension of time will allow Plaintiff to understand what allegations and class certification issues are contested. It will also allow Plaintiff the opportunity to serve discovery when it opens thirty (30) days from the answer date and supplement his motion and/or supply evidence for the Court's consideration in a reply brief.

21. Plaintiff submits good cause exists for the extension. Plaintiff was diligent in his service attempts, but due to Defendant's registered agent's refusal to accept service on behalf of Defendant and later withdrawing as registered agent,

Plaintiff was delayed in his ability to serve the Defendant. As a result, Plaintiff was prejudiced by not having the ability to have Defendant answer prior to his certification motion. Plaintiff also lost the opportunity to conduct discovery before the local rules require that he file his motion. Plaintiff respectfully requests that the Court extend the deadline to file his class certification motion at least thirty (30) days after Defendant files its answer.

22. Plaintiff contacted Defendant's counsel, David Milian, Esq., to seek Defendant's concurrence in this motion on July 31, 2025. Plaintiff was unable to reach Mr. Milian and has not received a response from Defendant regarding wither it consents to or opposes this Motion.

**WHEREFORE**, Plaintiff William Mott, on behalf of himself and others similarly situated, respectfully requests that this Honorable Court grant his Motion for Extension of Time to file his Motion for Class Certification. A Proposed Order is submitted herewith.

Submitted this 31st day of July, 2025.

*/s/John A. Love*
John A. Love, Esq.
Love Consumer Law
2500 Northwinds Parkway
Suite 330
Alpharetta, Georgia 30009
(404) 855-3600
tlove@loveconsumerlaw.com

Max S. Morgan, Esquire*
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Counsel for Plaintiff and the proposed class and subclass

(*admitted *pro hac vice*)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document has been filed via the Court's CM/ECF filing system which will cause a copy to be served upon all counsel of record.

*/s/ John A. Love*
John A. Love