**UNITES STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| WILLIAM MOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:25-cv-00081-SCJ |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| ZR CONSULTING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENTANT ZR CONSULTING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, ZR CONSULTING, LLC ("Defendant") through counsel, submits this Answer and Defenses to Plaintiff's Class Action Complaint. ("Complaint") (ECF 1). Defendant denies any and all allegations in the headings and unnumbered allegations in the Complaint. In response to the specific allegations in the enumerated paragraphs in the Complaint, Defendant responds to each such paragraph as follows:

## ANSWER

1. The Defendant denies the allegations contained in this paragraph.

2. The Defendant denies the allegations contained in this paragraph.

3. The Defendant denies the allegations contained in this paragraph.

4. The allegation fails to fully quote the provisions of the TCPA, and is therefore denied.

5. The Defendant admits that Plaintiff purports to bring this action on behalf of himself and others; however, the Defendant denies that Plaintiff is entitled to any remedy or relief, either individually or on behalf of a class or classes.

**JURSDICTION AND VENUE**

6. The Defendant admits the allegations contained in this paragraph.

7. The Defendant denies the allegations contained in this paragraph.

8. The Defendant denies the allegations contained in this paragraph.

9. The Defendant denies the allegations contained in this paragraph.

**PARTIES**

10. Defendant is without knowledge of the allegations contained in this paragraph and therefore the allegations are denied.

11. The Defendant denies the allegations contained in this paragraph.

12. The Defendant admits the allegations contained in this paragraph.

13. The Defendant admits the allegations contained in this paragraph.

14. The Defendant denies the allegations contained in this paragraph.

## TCPA BACKGROUND

15. The Defendant admits that Congress enacted the TCPA in 1991. The Defendant denies the remaining allegations contained in this paragraph.

16. To the extent the allegations paraphrase and otherwise fail to fully quote the provisions of the statutes referenced in this paragraph, the allegations are denied.

17. To the extent the allegations paraphrase and otherwise fail to fully quote the provisions of the statutes referenced in this paragraph, the allegations are denied.

## FACTUAL ALLEGATIONS

18. The Defendant is without knowledge of the allegations contained in this paragraph and therefore the allegations are denied.

19. The Defendant denies the allegations contained in this paragraph and further states that Defendant did not make any calls to the Plaintiff.

20. The Defendant denies the allegations contained in this paragraph and further states that Defendant did not make any calls to the Plaintiff.

21. The Defendant denies the allegations contained in this paragraph and further states that Defendant did not make any calls to the Plaintiff.

22. The Defendant denies the allegations contained in this paragraph.

23. The Defendant denies the allegations contained in this paragraph.

24. The Defendant denies the allegations contained in this paragraph.

25. The Defendant is without knowledge of the allegations contained in this paragraph and therefore the allegations are denied.

26. The Defendant is without knowledge of the allegations contained in this paragraph and therefore the allegations are denied.

27. The Defendant denies the allegations contained in this paragraph.

28. The Defendant denies the allegations contained in this paragraph and further states that Defendant did not make any calls to the Plaintiff.

29. The Defendant denies the allegations contained in this paragraph.

30. The Defendant denies the allegations contained in this paragraph.

31. The Defendant denies the allegations contained in this paragraph.

32. The Defendant denies the allegations contained in this paragraph.

33. The Defendant denies the allegations contained in this paragraph.

34. The Defendant denies the allegations contained in this paragraph.

35. The Defendant denies the allegations contained in this paragraph and further states that Defendant did not make any calls to the Plaintiff.

## DEFENDANT'S LIABILITY

36. The Defendant denies the allegations contained in this paragraph.

37. The Defendant denies the allegations contained in this paragraph.

38. The Defendant denies the allegations contained in this paragraph.

39. The Defendant denies the allegations contained in this paragraph.

40. The Defendant denies the allegations contained in this paragraph.

41. The Defendant denies the allegations contained in this paragraph.

42. To the extent the allegations paraphrase and otherwise fail to fully quote the FCC's May 2013 Declaratory Ruling referenced in this paragraph, the allegations are denied.

43. This paragraph purports to contain citations to an FCC Ruling and therefore no response is required.

44. To the extent the allegations paraphrase and otherwise fail to fully quote the FCC's May 2013 Declaratory Ruling referenced in this paragraph, the allegations are denied.

## CLASS ALLEGATIONS

45. The Defendant denies the allegations contained in this paragraph and further denies that Plaintiff is entitled to any relief, either individually or on a class basis, against the Defendant.

46. The Defendant denies the allegations contained in this paragraph and further denies that Plaintiff is entitled to any relief, either individually or on a class basis, against the Defendant.

47. The Defendant denies the allegations contained in this paragraph and further denies that Plaintiff is entitled to any relief, either individually or on a class basis, against the Defendant.

48. The Defendant denies the allegations contained in this paragraph and further denies that Plaintiff is entitled to any relief, either individually or on a class basis, against the Defendant.

49. The Defendant denies the allegations contained in this paragraph, including each of its subparts a through e, and further denies that Plaintiff is entitled to any relief, either individually or on a class basis, against the Defendant.

50. The Defendant denies the allegations contained in this paragraph and further denies that Plaintiff is entitled to any relief, either individually or on a class basis, against the Defendant.

51. The Defendant denies the allegations contained in this paragraph, including each of its subparts a through f, and further denies that Plaintiff is entitled to any relief, either individually or on a class basis, against the Defendant.

52. The Defendant denies the allegations contained in this paragraph and further denies that Plaintiff is entitled to any relief, either individually or on a class basis, against the Defendant.

53. The Defendant denies the allegations contained in this paragraph and further denies that Plaintiff is entitled to any relief, either individually or on a class basis, against the Defendant.

54. The Defendant denies the allegations contained in this paragraph and further denies that Plaintiff is entitled to any relief, either individually or on a class basis, against the Defendant.

55. The Defendant denies the allegations contained in this paragraph and further denies that Plaintiff is entitled to any relief, either individually or on a class basis, against the Defendant.

56. The Defendant denies the allegations contained in this paragraph and further denies that Plaintiff is entitled to any relief, either individually or on a class basis, against the Defendant.

57. The Defendant denies the allegations contained in this paragraph and further denies that Plaintiff is entitled to any relief, either individually or on a class basis, against the Defendant.

58. The Defendant denies the allegations contained in this paragraph and further denies that Plaintiff is entitled to any relief, either individually or on a class basis, against the Defendant.

59. The Defendant denies the allegations contained in this paragraph and further denies that Plaintiff is entitled to any relief, either individually or on a class basis, against the Defendant.

60. The Defendant denies the allegations contained in this paragraph and further denies that Plaintiff is entitled to any relief, either individually or on a class basis, against the Defendant.

**FIRST CAUSE OF ACTION**

**Violations of TCPA, 47 U.S.C 227(b)**

61. The Defendant denies the allegations contained in this paragraph and further denies that Plaintiff is entitled to any relief, either individually or on a class basis, against the Defendant.

62. The Defendant denies the allegations contained in this paragraph and further denies that Plaintiff is entitled to any relief, either individually or on a class basis, against the Defendant.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint.

All allegations not expressly admitted are hereby Denied.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with the Plaintiff, the Defendant pleads the following defenses to the Complaint:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant, in whole or in part, upon which relief can be granted.

## SECOND DEFENSE

Plaintiff lacks standing to maintain the claims asserted in the Complaint, because, among other things, Plaintiff has not sustained an injury in fact which is concrete and particularized and actual or imminent. In addition, there is no causal connection between the injury and the conduct of the Defendant brought before this Court.

## THIRD DEFENSE

Defendant has complied with the TCPA and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FOURTH DEFENSE

Plaintiff consented to receiving the subject phone calls by voluntarily opting in.

## FIFTH DEFENSE

Plaintiff and/or putative class members are not entitled to injunctive relief. Plaintiff and/or putative class members have an adequate remedy at law and will not

be harmed or prejudiced in the absence of an injunction. Plaintiff and/or the putative class members cannot show a likelihood that they will suffer any future injury from Defendant. There is no likelihood that Defendant will violate Plaintiff's rights and/or the rights of the putative class members in the future.

## SIXTH DEFENSE

Plaintiff’s alleged damages were caused, in whole or in part, by one or more third parties for whom Defendant is not responsible.

## SEVENTH DEFENSE

The statutory damages sought by Plaintiff on his own behalf and on behalf of a putative class violate the Eighth Amendment and are unconstitutional.

## EIGHTH DEFENSE

If Plaintiff suffered or sustained any loss, injury, damage, or detriment, such was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, negligence, recklessness and/or intentional misconduct or intervening acts of Plaintiff and/or members of the putative class themselves, and not by Defendant.

## NINTH DEFENSE

Plaintiff’s claims are barred by the equitable doctrine of estoppel.

**TENTH DEFENSE**

Plaintiff, by reason of his own actions and conduct, is barred from recovery on the grounds that Plaintiff has waived any rights he may have had to assert the claims alleged in the Complaint.

The Defendant has insufficient knowledge or information upon which to form a belief as to whether additional, as yet unstated, defenses are available. Defendant hereby gives notice that it intends to rely upon additional defenses that may become available or appear during the proceedings in this case. Defendant additionally reserves the right to amend its Answer and Defenses to assert any such defenses.

WHEREFORE, the Defendant requests judgment against Plaintiff dismissing the Complaint with prejudice, and awarding costs of suit, including attorneys' fees, and all other relief this Court may deem just and equitable.

Dated: August 8, 2025. Respectfully submitted,

BERMAN FINK VAN HORN, P.C.

By *:/s/ William J. Piercy*__
William J. Piercy, Esq.
Email: *wpiercy@bfvlaw.com*
Georgia Bar No. 579627
3475 Piedmont Road NE, Suite 1640
Atlanta, Georgia 30305
T. 404.261.7711

THE MILIAN LEGAL GROUP, PLLC

By: *<u>/s/ David P. Milian</u>*

David P. Milian, Esq.* (Fla. Bar No. 844421)
Email: david@lawmilian.com
Secondary: pleadings@lawmilian.com
Secondary: Elizabeth@lawmilian.com
1395 Brickell Avenue, Suite 800
Miami, FL 33131
Tel: (786) 808-9736
***Pro hac vice admission pending***

*Counsel for Defendant*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 7.1D and 5.1B, the undersigned counsel certifies that this document complies with the Local Rules' requirements as to font in that it has been prepared in Times New Roman, 14 point.

Dated: August 8, 2025.

BERMAN FINK VAN HORN P.C.

By: */s/ William J. Piercy*

William J. Piercy
Georgia Bar No. 579627
3475 Piedmont Road NE
Suite 1640
Atlanta, Georgia 30305
(404) 261-7711
wpiercy@bfvlaw.com

*Counsel for Defendant*