**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

WILLIAM MOTT,

Plaintiff,

vs. Case No. 2:25-cv-00081-SCJ

ZR CONSULTING, LLC,

Defendant.

_____________________________/

**MOTION TO WITHDRAW AS COUNSEL**

Pursuant to Local Rule 83.1(E)(2) of the United States District Court for the Northern District of Georgia, The Milian Legal Group, PLLC and attorney David P. Milian, Esq., and the law firm Berman Fink Van Horn P.C. and attorney William J. Piercy, Esq. (collectively, "Counsel"), hereby respectfully move this Court for an order permitting Counsel to withdraw as attorneys of record for Defendant ZR Consulting, LLC ("Defendant") in the above-captioned matter.

In support of this Motion, Counsel states as follows:

**BACKGROUND**

1. Counsel currently serve as attorneys of record for Defendant ZR Consulting, LLC in this action.

2. On October 9, 2025, Counsel served upon Defendant a Notice of Intent to Withdraw as Counsel, in full compliance with Local Rule 83.1(E)(2)(b). A true and correct copy of the Notice of Intent to Withdraw as Counsel, along with the Certificate of Consent, is attached hereto as **Exhibit A** and incorporated herein by reference.

3. The Notice of Intent was served on Defendant at the following addresses:

Zachary Ramirez Member/Manager ZR Consulting, LLC c/o Northwest Registered Agent, Inc. 2108 N ST, Suite N Sacramento, CA 95816-5712

4. The Notice was also transmitted via electronic mail to Defendant at the email addresses where Counsel had previously communicated with the Defendant: Zach@calldrive.com and zach@zacharyjosephramirez.com.

5. The Notice of Intent advised Defendant of all matters required by Local Rule 83.1(E)(2)(b), including:

(A) Counsel's intent to request permission to withdraw;

(B) The Court's retention of jurisdiction over the action;

(C) Defendant's obligation to keep the Court informed of a location where notices, pleadings, or other papers may be served;

(D) That if a trial date had been set, Defendant's obligation would be to prepare for trial or hire other counsel to prepare for trial;

(E) That failure or refusal to satisfy court-related obligations could result in adverse consequences;

(F) The dates of any scheduled proceedings and that these dates would not be affected by the withdrawal of counsel;

(G) That notices may be served on Defendant at its last known address;

(H) That as a limited liability company, Defendant may only be represented by an attorney who must sign all pleadings and papers submitted to the Court, and that failure to comply with this rule could result in a default judgment against Defendant; and

(I) Defendant's right to object within 14 days of the date when the Notice was served.

6. More than 14 days have elapsed since service of the Notice of Intent on October 9, 2025. Defendant has not filed any objection to Counsel's withdrawal, nor has Defendant responded to the Notice in any manner.

7. Counsel have also served a copy of this Motion on opposing counsel and on Defendant at the addresses set forth above, as required by Local Rule 83.1(E)(2)(d).

## GROUNDS FOR WITHDRAWAL

8. Good cause exists for Counsel's withdrawal from this representation based on the following grounds:

### A. Irreconcilable Differences

9. Significant and irreconcilable differences have developed between Counsel and Defendant, making it impossible for Counsel to continue providing effective legal representation. Defendant has failed to fulfill essential obligations, specifically by not meeting its financial commitments to Counsel and by neglecting to communicate with Counsel, both of which are express conditions set forth in Counsel's engagement agreements for Counsel's continued representation in this matter. These ongoing issues have rendered the attorney-client relationship untenable and have prevented Counsel from adequately advancing Defendant's interests in this case.

10. Defendant has failed to respond to Counsel's communications, requests for information, attempts to discuss discovery obligations, and efforts to discuss case strategy.

11. Defendant's lack of responsiveness has made it impossible for Counsel to adequately prepare Defendant's defense, obtain necessary information, make informed strategic decisions, or fulfill Counsel's duties to this Court.

12. Defendant has failed to maintain contact with Counsel or provide Counsel with information necessary to proceed with the defense of this action.

**B. No Prejudice to the Proceedings**

13. Withdrawal at this time will not prejudice the proceedings or cause undue delay.

14. As set forth in the Notice of Intent to Withdraw, as of the date the Notice was served, there were no scheduled proceedings or trial date set in this case.

15. No trial date or deadline for dispositive motions has been set.

16. The earliest deadline set in this case—the deadline for completion of fact discovery-- is May 15, 2026. (ECF No. 18).

17. The case remains in its early stages, and Defendant will have ample time to retain substitute counsel or address its representation.

18. Defendant has been on notice since at least the October 9, 2025 Notice of Counsel's intent to withdraw.

**C. Compliance with Local Rules**

19. Counsel have fully complied with all requirements of Local Rule 83.1(E)(2), including providing the required 14-day notice, serving the Notice on Defendant personally at its last known address, advising Defendant of all required matters, filing a copy of the Notice with this Motion, and serving this Motion on opposing counsel and Defendant.

20. Defendant has been provided with the names, addresses, and telephone numbers of opposing counsel and the Clerk of Court, and has been advised of its obligations following Counsel's withdrawal.

21. Defendant has been specifically advised that it may only be represented by an attorney and that failure to retain counsel could result in a default judgment.

**WHEREFORE**, Counsel respectfully requests that this Court enter an order:

A. Granting Counsel's Motion to Withdraw as counsel of record for Defendant ZR Consulting, LLC;

B. Directing that all future notices, pleadings, and papers in this action be served directly upon Defendant ZR Consulting, LLC at its last known address or upon any substitute counsel that may enter an appearance on Defendant's behalf; and

C. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE MILIAN LEGAL GROUP, PLLC

By: */s/ David P. Milian*
David P. Milian, Esq.
Email: david@lawmilian.com
1395 Brickell Avenue, Suite 800
Miami, FL 33131
T. 786.808.9736
*Admitted Pro Hoc Vice*
*Counsel for Defendant*

BERMAN FINK VAN HORN, P.C.

By: */s/ William J. Piercy*
William J. Piercy, Esq.
Email: wpiercy@bfvlaw.com
Georgia Bar No. 579627
3475 Piedmont Road NE, Suite 1640
Atlanta, Georgia 30305
T. 404.261.7711